In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-352 CR


____________________



CARL WILLIAMS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. 16,329






MEMORANDUM OPINION


 A jury convicted Carl Williams of assault on a correctional officer. The jury found
two enhancement paragraphs to be "true" and sentenced Williams to thirty years'
confinement in the Texas Department of Criminal Justice, Institutional Division. Williams
appeals raising three points of error. Because all issues are settled, our opinion only
advises the parties of the Court's decision and the basic reasons for it. See Tex. R. App.
P. 47.4

 Point of error one claims the trial court erred in admitting the testimony of Armond
Paul Merillat identifying Williams as being the same person whose fingerprints appear in
four pen packets introduced into evidence by the State. On appeal, Williams contends the
State failed to establish Merillat was an expert. The objection was untimely and thus
nothing has been preserved for review. See Tex. R. App. P. 33.1. Point of error one is
overruled.

 Point of error two contends the evidence is factually and legally insufficient to prove
Williams was the person convicted in F88-95221-VH. Williams' argument under this point
is premised upon our first finding that Merillat's testimony was inadmissible. Because we
have not done so, point of error two is also overruled.

 Point of error three argues the evidence is legally insufficient to prove the first
offense of the enhancement paragraphs had become final before the second enhancement
offense was committed because the judgment introduced is illegible. The copy of the pen
packet from F99-71406-TQ contained in the record on appeal is in fact illegible. (1) 
However, we have supplemented our record with the original and found it legible. See
Tex. R. App. P. 34.5(c). It reflects the date of offense as May 3, 1999. The prior
conviction occurred on November 22, 1988. Accordingly, there was some evidence from
which the jury could find both enhancement paragraphs to be "true." Point of error three
is overruled.

 The judgment of the trial court is AFFIRMED.

 PER CURIAM


Submitted on January 21, 2003 

Opinion Delivered February 12, 2003

Do not publish 


Before McKeithen, C.J., Burgess, and Gaultney, JJ.

1. The State acknowledged this in its brief but failed to request supplementation.